UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EMILY KEZER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 1:15-cv-00225-JAW |
| | ) |
| PENOBSCOT COMMUNITY | ) |
| HEALTH CENTER, et al., | ) |
| | ) |
| Defendants | ) |

## RECOMMENDED DECISION

In this removed action, Defendants assert in their notice of removal that the Court should conduct a hearing "to confirm" that Defendants are entitled to the immunity provided to commissioned officers of the Public Health Service under the Public Health Service Act, 42 U.S.C. § 233.  (Notice of Removal ¶ 16, ECF No. 1.)  Plaintiff moved to remand the matter to state court. (Motion to Remand, ECF No. 19.)  The Government supports Plaintiff's request for remand. (Gov't Response, ECF No. 12.)[1]

In accordance with the Court's order, the parties filed a stipulated record and briefed the following "preliminary issues":  (a) the legal prerequisites to Defendants' ability to remove this action to this Court pursuant to 42 U.S.C. § 233 and (b) whether Defendants have complied with the prerequisites, including any notice that might be required.  (Report of Tel. Conf. at 2, ECF No. 25.)  This recommended decision addresses the preliminary issues regarding removal.[2]

---

[1] The Government is not a party to this action, but is participating as an "interested party." (Report of Tel. Conf. and Order at 1 n.1, ECF No. 25.)

[2] Although this Recommended Decision will address some of the issues generated by Plaintiffs' Motion to Remand (ECF No. 19), the recommendation does not address the merits of the Attorney General's scope certification determination.  Resolution of the preliminary issues was intended in part to determine whether the matter would remain in federal court and, if so, whether the court could consider the Attorney General's § 233 scope determination. Because of some uncertainty as to whether resolution of the preliminary issues would resolve all of the issues

Upon review of the record, and after consideration of the parties' arguments and the available authorities, I recommend that the Court determine that Defendants' removal is not procedurally defective under § 233(*l*), and that the Court order further proceedings regarding Plaintiff's motion to remand,[3] and the hearing contemplated by § 233(*l*)(2).

## BACKGROUND

Pursuant to the Public Health Service Act ("PHSA"), the Department of Health and Human Services, through its Health Resources and Services Administration, may "deem" a private health care center and its employees to be commissioned officers of the Public Health Service. The deeming decision is based on the center's receipt of funding under the PHSA, 42 U.S.C. § 254b, the approval of a "deeming" application, and the center's compliance with related conditions, standards, policies, and procedures. 42 U.S.C. § 233(g), (h).

When a party is deemed to be an officer or employee of the Public Health Service, the party is not liable for claims "for damage or personal injury … resulting from the performance of medical, surgical, dental, or related functions, … while acting within the scope of … employment," and the claimant's "exclusive" remedy is against the United States. 42 U.S.C. § 233(a). In the event such a claim is filed in a state court against a deemed Public Health Service employee, the action can be removed to the federal district court upon certification by the Attorney General that the

---

generated by Plaintiff's motion to remand, further action on the motion was stayed pending resolution of the preliminary issues. (ECF No. 25.)

[3] An order remanding a case to the state court ordinarily is not appealable. *See Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 127 (1995); 28 U.S.C. § 1447(d). It is thus unclear whether a motion to remand should be treated as a non-dispositive matter for which a magistrate judge can issue an order, or a dispositive matter for which a magistrate judge must issue a recommended decision. *See Albright v. F.D.I.C.,* 21 F.3d 419 n. 4 (1st Cir. 1994); *Unauthorized Practice of Law Comm. v. Gordon,* 979 F.2d 11, 14 (1st Cir. 1992). The emerging consensus is that a magistrate judge should issue a report and recommendation on a motion to remand. *Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015) (collecting circuit court opinions). To avoid any potential issue regarding the scope of a magistrate judge's authority on the pending issues, I will issue a recommended decision.

employee and claim are covered, with the Attorney General providing a defense to the commissioned officer. *Id.* § 233(c), (*l*).

In this case, the removal issue is in dispute insofar as the Attorney General has concluded that Plaintiffs' claims are not within the protection afforded by the PHSA. The Government, through the United States Attorney for the District of Maine, also maintains that its determination that the Defendants are not covered under the PHSA for Plaintiffs' claim is not reviewable in this proceeding regardless of the propriety of the removal.

*Plaintiffs' Notice of Claim*

Plaintiffs filed a notice of claim asserting claims against Defendants in Maine Superior Court on January 29, 2015.[4] (Notice of Claim, ECF No. 1-1.) According to Plaintiffs, between April 2011 and May 2014, employees of Defendant Penobscot Community Health Center, including Defendants Kristen Colley, Melinda Morissette, Kenneth Nadeau, and Susan Trundy, violated Plaintiff Emily Kezer's rights under the Health Insurance Portability and Accountability Act of 1996 when they accessed her personal health records without authorization and without a legitimate purpose. (*Id.* ¶¶ 18, 21, 26, 41.)

From June 2011 until April 2014, Plaintiff Emily Kezer worked for Defendant Penobscot Community Health Center at the Helen Hunt Health Center as a patient services representative. (*Id.* ¶ 16.) Each individual Defendant was also employed by Penobscot Community Health Center when he or she accessed Ms. Kezer's confidential treatment records. (*Id.* ¶ 20.) Defendant Nadeau is the only named defendant to provide health care to Plaintiff. (*Id.* ¶ 19.) None of the individual defendants, however, including Defendant Nadeau, had cause to review Ms. Kezer's treatment

---

[4] The removed state court pleading refers to the parties as claimants and respondents because the pleading is a notice of claim rather than a complaint. This Court's docket identifies the parties as plaintiffs and defendants. Additionally, this Court's docket identifies the United States as the respondent based on its response in opposition to Defendant's notice of removal. (United States' Response to Notice of Removal, ECF No. 12.)

records generated by Charles Grant, Ph.D., whom Plaintiffs identify as a Penobscot Community Health Center psychologist. (*Id.* ¶¶ 13, 21.) Plaintiffs assert that the records were accessed in part because Penobscot Community Health Center failed to implement adequate safeguards to protect the records, and failed to train and supervise adequately its employees. (*Id.* ¶¶ 33, 35, 38.)

Plaintiff Emily Kezer asserts claims of professional negligence, negligence, negligent and intentional infliction of emotional distress, negligent supervision, and invasion of privacy. (*Id.* ¶ 41.) Additionally, Plaintiff Justin Kezer, Emily's husband, claims loss of consortium. (*Id.* ¶ 42.)

*Additional Facts*

Defendant Penobscot Community Health Center is and at all times relevant to this action was, a community health center recipient of federal grant funds under Section 330 of the PHSA, 42 U.S.C. § 254b, and an entity described under 42 U.S.C. § 233(g)(4). (Statement of Uncontested Facts ¶ 1, ECF No. 28.) Defendants Nadeau, Colley, Trundy, and Melinda M. Morissette were, at all times relevant to this action, health care providers employed by Penobscot Community Health Center. (*Id.* ¶ 2.)

In each calendar year from 2010 to 2016, Penobscot Community Health Center, on its behalf and on behalf of its officers, board members and employees, submitted an application requesting to be deemed employees of the Public Health Service ("PHS") for purposes of the immunity conferred by 42 U.S.C. § 233(a). (*Id.* ¶ 5.) The Secretary of the Department of Health and Human Services approved each of the applications and thus deemed Penobscot Community Health Center and its officers, board members, and employees to be PHS employees for purposes of 42 U.S.C. § 233(a). (*Id.* ¶ 6.)

On July 22, 2014, Plaintiffs filed administrative claims against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). Plaintiffs alleged a claim for personal

4

injuries as a result of the acts or omissions of PCHC and a number of its provider employees, including the individual Defendants. (*Id.* ¶ 10.) By letter dated September 29, 2014, William A. Biglow, Acting Deputy Associate General Counsel, Claims and Employment Law Branch, Office of the General Counsel, Department of Health and Human Services, denied the administrative claims. (*Id.* ¶ 11.)

On January 29, 2015, claimants filed a notice of claim in Maine Superior Court. (*Id.* ¶ 12.) On February 5, 2015, Penobscot Community Health Center emailed a copy of the notice of claim to the Office of General Counsel, U.S. Department of Health and Human Services, using the email address "HHS-FTCA-Claims@hhs.gov," in accordance with instructions published by its grantor. (*Id.* ¶ 13 & Ex. 8.) The state court docket (ECF No. 1-2) reflects that on February 25, 2015, the state court designated a panel chair to conduct the prelitigation screening process in accordance with the Maine Health Security Act.[5]

On April 2, 2015, Mr. Biglow wrote to Penobscot Community Health Center regarding the pending notice of claim. (*Id.* ¶ 21 & Ex. 14.) In his letter, Mr. Biglow acknowledged Defendants' "request for representation" in the state court proceeding, and denied Defendants a defense, stating that "the health center will not be represented by the Department of Justice in this matter." (Ex. 14.) He further explained that representation was not available because Plaintiffs' privacy-related claims do not constitute claims related to the provision or performance of medical services for purposes of 42 U.S.C. § 233(a). (*Id.*)

---

[5] Under Maine law, the tort claims asserted in Plaintiffs' notice of claim are subject to the prelitigation screening process. *Brand v. Seider*, 1997 ME 176, 697 A.2d 846.

5

## DISCUSSION

When a dispute arises regarding removal jurisdiction, the removing defendant must demonstrate that the removal was proper. *Fayard v. NE Vehicle Servs., LLC,* 533 F.3d 42, 48 (1st Cir. 2008). "Among the elements of removal that a defendant must prove by a preponderance of the evidence is its timeliness." *McCormick v. Festiva Dev. Group, LLC,* No. 2:09–cv–00365, 2009 U.S. Dist. Lexis 126107, at *3, 2009 WL 3615021, at * 1 (D. Me. Oct. 27, 2009) (recommendation on motion to remand, mooted upon plaintiff's withdrawal of motion to remand); *see also Kingsley v. Lania,* 221 F. Supp. 2d 93, 95 (D. Mass. 2002) ("[U]pon a motion to remand, the burden is upon the removing party to show that ... removal was timely ..."). Ordinarily, "[r]emoval statutes should be strictly construed against removal and doubts resolved in favor of remand." *Kingsley,* 221 F. Supp. at 95. However, under analogous circumstances where federal officer immunity was at stake, the Supreme Court held that the applicable removal statute should be construed liberally. *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007) (construing 28 U.S.C. § 1442); *Willingham v. Morgan,* 395 U.S. 402, 407 (1969) ("Th[e] policy [of providing the protection of a federal forum to federal officers] should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).").

In support of their right to remove this action, Defendants rely on the right of removal contained in the Public Health Service Act. (Notice of Removal at 1, citing 42 U.S.C. § 233(*l*)(2).) Plaintiffs seek a remand to the state court because (a) Defendants did not provide proper notice to the Government, (b) the notice of removal was not filed timely, and (c) the asserted claims are not within the coverage afforded by the PHSA. The Government asserts similar arguments in support of a remand.

After conferring with the parties, the Court identified the following preliminary issues: (1) the legal prerequisites to Defendants' ability to remove this action to this Court pursuant to 42 U.S.C. § 233 and (2) whether Defendants have complied with the prerequisites, including any notice that might be required. That is, before determining whether to conduct the hearing described by § 233(*l*)(2), the Court should first determine whether the matter is properly before the federal court.

Pursuant to the PHSA, 42 U.S.C. § 233(a), a commissioned officer of the PHS is immune from certain claims. For an employee to be deemed a commissioned officer, the center for which the employee works must submit an application to be deemed, or commissioned, employees of the PHS. 42 U.S.C. § 233(g)(1)(A), (D). Upon approval of an application, the center and its employees receive their PHS commission and obtain protection against liability for services provided pursuant to their commission. *Id.* § 233(a), (g)(1)(A), (D), (F).

When a commissioned officer or employee is sued for conduct related to their commission, the "remedy against the United States" described in 28 U.S.C. § 1346(b) [6] and 28 U.S.C. § 2672 [7] "shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee … whose act or omission gave rise to the claim," where the claim results "from the performance of medical, surgical, dental, or related functions … by any

---

[6] Pursuant to section 1346(b), the federal district courts have exclusive jurisdiction over claims against the United States that arise from the negligent or wrongful act or omission of a federal employee acting within the scope of his office or employment (so called federal tort claims). In other words, original jurisdiction over federal tort claims rests with the federal district court, though a state court might also have concurrent jurisdiction. *Lydon v. Boston Sand & Gravel Co.*, 175 F.3d 6, 14 (1st Cir. 1999) (noting the "situation involving state-federal concurrent jurisdiction, where parties often forgo potential federal jurisdiction by the plaintiff choosing to sue in a state court and by the defendant simply not removing the case to a federal court"). Often, as in this case, diversity of citizenship will not exist between deemed PHS entities or employees and the patients they serve, and the malpractice claims at issue will be state law claims appropriately filed in state court.

[7] Title 28 U.S.C. § 2672 allows for administrative adjustment, determination, compromise, and settlement of federal tort claims.

commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment." 42 U.S.C. § 233(a).  In operation, for qualifying claims, the United States is substituted as the defendant and the deemed PHS entity and its commissioned employees have absolute immunity from personal liability.  *Hui v. Castaneda*, 559 U.S. 799, 806 (2010).

The PHSA also provides for the removal to federal court of a tort claim filed in state court against a commissioned officer.  Under § 233(b), "[t]he Attorney General shall defend any civil action or proceeding brought in any court against" a deemed PHS entity or employee.  42 U.S.C. § 233(b).  To obtain the defense, the "person against whom" the action is brought "shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the Secretary to receive such papers and such person shall promptly furnish copies … to the United States attorney for the district …, to the Attorney General, and to the Secretary." 42 U.S.C. § 233(b).  In accordance with § 233(c), upon assuming the defense of the action, the Attorney General appears in state court, certifies that the deemed entity and its employees were acting in the scope of their employment, and the state court action "shall be removed … at any time before trial by the Attorney General to the district court of the United States … and the proceeding deemed a tort action brought against the United States."  42 U.S.C. § 233(c).  Following removal, a party may seek a remand to state court.  If remand is sought, the district court may hold a hearing and may remand the matter upon a determination "that the case … is one in which a remedy by suit within the meaning of subsection (a) … is not available against the United States."  *Id.*

In addition to removal by the Attorney General, pursuant to § 233(*l*)(2) a PHS commissioned entity or officer can petition for the removal of a state court action if the Attorney

8

General fails to appear within 15 days of receiving notice of the action. Significantly, the burden placed on the Attorney General to appear in a proceeding is based on notice, not on service of process. Additionally, § 233(*l*)(2) is silent as to any applicable deadline for the commissioned entity or officer to petition for removal.

The Government and Plaintiffs argue that Defendants' removal was unauthorized because the Attorney General did not receive notice of the state court filing before Defendants filed their notice of removal in this Court. Additionally, Plaintiffs argue that even if the Attorney General received notice and failed to enter a timely appearance in state court, Defendants did not timely exercise the right of removal under § 233(*l*)(2) because Defendants must exercise the right within 30 days as required by the general removal statute, 28 U.S.C. § 1446(b).

**A.     Defendants Provided Adequate Notice to the Attorney General**

The record reflects that Defendants sought a defense from the Department by providing the Department with the state court notice of claim, and that the Department, through the person of Deputy Associate General Counsel William Biglow, reviewed the notice of claim and denied coverage by letter dated April 2, 2015. In his letter, Mr. Biglow wrote that "the health center will not be represented by the Department of Justice in this matter." (ECF No. 1-6, PageID # 53.) If Mr. Biglow was the person designated by the Secretary to receive notice of state court proceedings under § 233(b), or if Mr. Biglow was otherwise obligated to notify the Attorney General of the state court proceedings (proceedings for which he purported to deny Defendants a defense from the Department of Justice), the Attorney General was on notice of the state court proceeding for purposes of 42 U.S.C. § 233(*l*).

The Department of Justice has promulgated regulations governing the provision of notice. Specifically, 28 C.F.R. § 15.2, entitled "Expeditious delivery of process and pleadings," provides:

9

> Any covered person against whom a civil action or proceeding is brought for money damages for loss or damage to property, or personal injury or death, on account of any act or omission, under circumstances in which Congress has provided by statute that the remedy provided by the Federal Tort Claims Act is made the exclusive remedy, shall promptly deliver *to the appropriate Federal agency* all process and pleadings served on the covered person, or an attested true copy thereof. In addition, if prior to the covered person's receipt of such process or pleadings, the covered person receives information regarding the commencement of such a civil action or proceeding, he shall immediately so advise the appropriate Federal agency. *The appropriate Federal agency shall provide to the United States Attorney* for the district embracing the place where the action or proceeding is brought, *and the responsible Branch Director of the Torts Branch, Civil Division, Department of Justice, information concerning the commencement of such action or proceeding, and copies of all process and pleadings.*

28 C.F.R. § 15.2(b) (emphasis added). [8]

For purposes of the regulation, there is no legitimate dispute that the state court claims were claims against a "covered person," regardless of the scope certification dispute. Based on this regulation, therefore, Mr. Biglow's review of the state court notice of claim, for the very purpose of determining the Government's position on the coverage question, required that he inform the Attorney General's representatives of the state court proceeding. Accordingly, the notice to Mr. Biglow was sufficient to obligate the Department to notify the U.S. Attorney and the Department of Justice, and thereby the Attorney General, as contemplated by 42 U.S.C. § 233(*l*)(1).

---

[8] The language of the rule makes clear that the rule applies in the PHS context. Pursuant to 28 C.F.R. § 15.1(a):

> This part contains the regulations of the Department of Justice governing the application for and the issuance of statutory certifications and decertifications in connection with certain suits based upon the acts or omissions of Federal employees and certain other persons as to whom the remedy provided by the Federal Tort Claims Act, 28 U.S.C. 1346(b) and 2672, is made exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against such Federal employees and other persons.

*See also* Certification and Decertification in Connection With Certain Suits Based Upon Acts or Omissions of Federal Employees and Other Persons, 68 Fed. Reg. 74,187-01 (Dec. 23, 2003) (providing as pertinent background that "a number of similar certification statutes [similar to the FTCA] were enacted to protect medical and legal personnel employed by certain Federal agencies from tort liability for professional malpractice arising within the scope of their employment," including 42 U.S.C. § 233).

The Government, however, contends that it did not in fact receive notice. Simply stated, Defendants should not be prejudiced in the event that the representatives of the Attorney General did not receive actual notice. Defendants satisfied their regulatory burden, which in turn satisfied their statutory burden to provide notice under § 233(b). In addition, Defendants have demonstrated that the Attorney General failed to appear in the state court within 15 days following any reasonable measure of the time required for the Department to inform the Attorney General of the state court proceeding. Indeed, to render his decision on April 2, 2015, Mr. Biglow necessarily was in receipt of the notice of claim for some period of time, in which time he should have accomplished the "expeditious delivery of process and pleadings" to the Attorney General's representatives. 28 C.F.R. § 15.2.

**B.    Defendants' Notice of Removal was Timely Filed**

Plaintiffs argue that Defendants' notice of removal was not timely filed because Defendants failed to file the notice within 30 days as required by 28 U.S.C. § 1446. Section 1446(b) allows 30 days for removal following a defendant's receipt of a copy of the initial pleading, through service or otherwise. Section 1446 also provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446.

Plaintiffs argue that the 30-day period in § 1446 must apply because § 233 is silent with respect to the deadline for filing a removal petition. Plaintiffs contend that if Congress had intended otherwise, § 233 would contain language similar to the language of the Federal Tort Claims Act, § 2679, which permits a federal employee to petition the court "at any time before

11

trial" when the Attorney General "refuses to certify scope of office or employment under" that Act. 28 U.S.C. § 2679(d)(3). (ECF No. 31 at 6 – 7, ¶ 15.) For its part, the Government cites *Allen v. Christenberry*, 327 F.3d 1290, 1295 (11th Cir. 2003), as persuasive authority that the 30-day limitation of § 1446(b) applies to removal under § 223(*l*)(2). (ECF No. 32 at 10 n.2.)

In *Allen*, the Eleventh Circuit reviewed a district court order denying a plaintiff's motion to remand a malpractice action removed by the defendant physicians on the eve of trial in state court. 327 F.3d at 1291. On review of the matter pursuant to 28 U.S.C. § 1292(b), the Eleventh Circuit reversed the district court and instructed that it remand the action to the state court. The circuit court reasoned that the Government had not failed to appear in state court and, therefore, the physicians were unable to remove the action pursuant to 42 U.S.C. § 233(*l*)(2). *Id.* at 1295 ("If the Attorney General had failed to appear in state court within 15 days of being notified of the suit, [the defendants] could have removed the case to federal court themselves.").

The court declined to address the question whether the physicians were deemed employees of the Public Health Service, regardless of whether the claim arose from the provision of otherwise covered services. *Id.* at 1292 n.1. The court effectively concluded that because the Act "left the determination of the defendants' employment status to the Secretary of HHS and predicated removal upon either an affirmative deeming by the Secretary or the Attorney General's failure to appear and advise the court within a prescribed period of time," neither of which occurred, the physicians could not remove the case. *Allen*, 327 F.3d at 1296.

Defendants argue that the *Allen* court's assessment of the timeliness question was dicta, because the court determined that the Government timely appeared in state court, without making a positive deeming determination. (ECF No. 37 at 11.) Defendants observe that unlike the physicians in *Allen*, they had applied for and received a determination that deemed them to be PHS

employees during the years in question, which fact distinguishes them from the defendants in *Allen*. (*Id.*) They also cite persuasive authority that this distinction is material to their ability to remove the case from state court. (*Id.*, citing *Estate of Booker v. Greater Philadelphia Health Action, Inc.*, 10 F. Supp. 3d 656 (E.D. Pa. 2014).).

In *Estate of Booker*, the district court rejected the Government's argument that the 30-day limitation of § 1446(b) applies to removal under 42 U.S.C. § 233(*l*)(2), and agreed with the removing defendants that their deadline for removal was derivative of the United States' ability under § 233(c) to remove an action at any time before trial. 10 F. Supp. 3d at 665 (rejecting the analysis set out in *Allen*). The *Booker* court reasoned that because the right of removal for deemed employees under § 233(*l*)(2) was added to the Act by amendment, Congress would have understood that it was extending to deemed employees the United States' ability to remove an action at any time before trial. *Id.* The court concluded that § 1446(b) should not be presumed to apply because "Congress was legislating in the context of a pre-existing removal right exercisable at any time before trial." *Id.* at 665 n.12. The court wrote:

> The fact that § 233(*l*)(2) was added to a statutory scheme in which suits against health centers were removable at any time before trial provides a basis to infer that Congress intended the same time to govern removals by the health centers themselves.

*Id.* at 665.

The *Booker* court also observed that the deadline established by § 1446(b) was not workable in the context of the PHSA because the 30-day removal deadline is tied to a defendant's receipt of a pleading, while the removal provisions of the PHSA are tied to the Government's receipt of notice and the Government's inaction. *Id.* at 666 ("It would make no sense to restrict health centers' ability to protect themselves in this manner, particularly when the centers may not be aware of the date on which the Attorney General was notified of the suit."). *See also id.* n.13

("[W]hile § 1446(b) contemplates the 30–day period will run from the *defendant'*s receipt of a pleading or other paper from which it can be ascertained that the case is removable, § 233(*l*)(2) authorizes the defendant to act only after 15 days have expired following the *Attorney General'*s receipt of notification of the suit, a date that may not always be readily discernible.").[9]

The reasoning of the court in *Estate of Booker* is persuasive, and recognizes that § 233(*l*)(2) was unnecessary if it did not permit removal at any time prior to trial. As deemed federal employees, Defendants already had the right to remove the action. 28 U.S.C. § 1442(a)(1).[10] In 1995, Congress amended § 233 to reference removal in § 233(*l*).[11] Federally Supported Health Centers Assistance Act of 1995, Pub. L. No. 104–73, 109 Stat. 777 (Dec. 26, 1995). Congress also imposed new burdens on the Attorney General to ensure a prompt appearance in state court proceedings involving PHS commissioned officers, both to avoid default and to spare PHS commissioned officers the expense of "rising malpractice insurance costs." *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1273 (D.C. Cir. 2005) (citing H.R. Rep. No. 104–398, at 5 – 6 (1995)).[12] Specifically, § 6 of the Federally Supported Health Centers Assistance Act of 1995, provided as follows:

---

[9] The dispute in this case as to whether the United States Attorney was notified demonstrates that if the Government's position is adopted, through no fault of its own, a deemed employee could unknowingly lose its right to remove the case because the employee is unaware of whether or when the Attorney General received notice.

[10] *See*, *e.g.*, *Blasczak v United States*, No. 85-4512-Z, 1986 WL 14091 (D. Mass. 1986) (describing removal by PHS commissioned physician pursuant to § 1442). *See also Jefferson Cty., Ala. v. Acker*, 527 U.S. 423, 431 (1999) (explaining that removal under the federal officer removal statute requires a colorable federal defense and a nexus between the conduct at issue and official authority, and that the removing defendant need not "win his case before he can have it removed"). Notably, as of the date of Defendants' notice of removal, the Department of Health and Human Services had already deemed Defendants to be employees of the PHS.

[11] Congress also amended the PHSA in 1992, at which time § 233(g) was codified. In newly added subsection (g), the FTCA remedy was extended to cover PHS entities and their officers, employees, and certain contractors for a given calendar year in which the entity received certain transfer payments. Federally Supported Health Centers Assistance Act of 1992, 106 Stat. 3268 ("An Act to amend the Public Health Service Act to provide protections from legal liability for certain health care professionals providing services pursuant to such Act.").

[12] Congress recognized that the Attorney General's appearance in state court and removal of an action to federal court should be reasonably prompt to avoid placing unnecessary burdens on the state court or the PHS commissioned officer

> (*l*) *Timely response to filing* of action or proceeding
>
> (1) If a civil action or proceeding is filed in a State court against any entity described in subsection (g)(4) of this section or any officer, governing board member, employee, or any contractor of such an entity for damages described in subsection (a) of this section, *the Attorney General, within 15 days after being notified of such filing, shall make an appearance in such court and advise such court* as to whether the Secretary has determined under subsections (g) and (h) of this section, that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding. Such advice shall be deemed to satisfy the provisions of subsection (c) of this section that the Attorney General certify that an entity, officer, governing board member, employee, or contractor of the entity was acting within the scope of their employment or responsibility.
>
> (2) *If the Attorney General fails to appear in State court within the time period prescribed under paragraph (1), upon petition of any entity or officer, governing board member, employee, or contractor of the entity named, the civil action or proceeding shall be removed to the appropriate United States district court.* The civil action or proceeding shall be stayed in such court until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages described in subsection (a) of this section and issues an order consistent with such determination.

42 U.S.C. § 233(*l*) (emphasis added). Significantly, the 1995 amendments to § 233 did not prescribe a specific deadline for removal, nor did the amendments reference § 1446(b). Rather, the amendments simply provided for removal by the deemed PHS employee "upon petition" should the Attorney General fail to appear in a timely fashion.

The *Booker* reasoning is not only consistent with a plain reading of § 233, but is also in accordance with the objective of allowing federal employees, particularly medical professionals who might otherwise have to secure costly malpractice insurance coverage, to remove actions to preserve their immunity defense. As the Supreme Court explained in *Willingham v. Morgan*, "one

---

who would otherwise have to see to his own defense to avoid default. *El Rio Santa Cruz Neighborhood Health Ctr.*, 396 F.3d at 1273; *see also*, *e.g.*, *Cotter v. United States*, No. 1:06-CV-00382, 2006 WL 3253289, at *2 (W.D. Mich. Nov. 8, 2006) (addressing motion to set aside state court entry of default following belated removal).

of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court." 395 U.S. at 407. [13] Here, whether Defendants are immune from suit is a principal issue. While the Government maintains that the Attorney General's scope determination is unassailable at this stage of the proceedings, both the PHSA and the Westfall Act, the statute that otherwise governs the scope certification process for federal employees, suggest otherwise.[14]

Pursuant to the Westfall Act:

(3) *In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court* to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. A copy of the petition shall be served upon the United States in accordance with the provisions of Rule 4 … of the Federal Rules of Civil Procedure. In the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending. If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

28 U.S.C. § 2679(d)(3) (emphasis added). Section 2679 thus specifically contemplates a court review of the Attorney General's determination.[15] Similarly, § 233 provides that in the event the

---

[13] The removing defendants in *Willingham* were the warden and chief medical officer at a federal penitentiary, not PHS personnel.

[14] In 1988, Congress passed the Federal Employees Liability Reform and Tort Compensation Act, also known as the Westfall Act in reference to *Westfall v. Erwin*, 484 U.S. 292 (1988). *See Aversa v. United States*, 99 F.3d 1200, 1207 (1st Cir. 1996). The Westfall Act amended § 2679 of the Federal Tort Claims Act substantially, such that it became the exclusive remedial avenue for tort acts committed by "*any* employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1) (emphasis added). The FTCA defines an "[e]mployee of the government" to include "persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671.

[15] Judicial review of a negative scope determination does not have to occur in federal court. For example, under 28 U.S.C. § 2679(d)(3), a federal officer who fails to timely remove a state court action under § 1442 could not unilaterally remove the action to federal court following the Attorney General's refusal to certify scope, but could petition the state court to review the negative scope determination through § 2679(d)(3). Upon filing such a petition and serving it on the United States, the Attorney General would be permitted to remove the matter to federal court. *Id.* However,

Attorney General fails to appear and "any entity or officer, governing board member, employee, or contractor of the entity named" petitions for removal, the matter shall be removed to federal court and the action will be stayed "until the court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages." 42 U.S.C. § 233(*l*)(2).[16]

The Government's contention that Defendants' only recourse would be to seek administrative review of the Attorney General's scope determination through the Administrative Procedures Act is not only inconsistent with the plain language of section 233 and section 2679, but also impractical. Under the Government's proposed course, deemed employees, such as Defendants, would be required to defend the claim and simultaneously pursue an administrative review of the scope determination. Such a result would be costly and inefficient. The parties would be required to litigate fully a claim for which the deemed employees might be immune. In addition to the commitment of time and human resources, the deemed PHS employees would also be forced to expend significant funds of the deemed entity, a result the deeming process was specifically designed to prevent. Moreover, the Supreme Court has held "that there is no reason

---

§ 233(*l*)(2) is distinct from § 2679(d)(3) in that it authorizes the deemed PHS officer to *remove* a state action "upon petition" based on the Attorney General's failure to appear in state court within the prescribed time period. 42 U.S.C. § 233(*l*)(2). This is a significant expansion of the federal officer removal rights otherwise set forth under § 1442 and § 2679.

[16] A question arguably exists as to whether section 2679(d)(3) applies to deemed PHS employees or whether section 233(*l*)(2) is the exclusive means by which a PHS employee can petition a court for determination of its immunity defense. *See*, *e.g.*, *cf. Kitchen v. United States*, 741 F. Supp. 182 (D. Alaska 1989) (finding that § 2679(d)(2) authorized removal by the United States in the PHS context, following passage of the Westfall Act, and prior to passage of the Federally Supported Health Centers Assistance Act of 1995). Regardless of whether section 2679(d)(3) specifically applies, it is pertinent insofar as it demonstrates that Congress did not intend for the Attorney General's scope determination to be unreviewable by a court in the proceeding in which the determination is made. Neither the language of § 233, nor logic would suggest that Congress intended for the Attorney General's scope determination under § 233 to be viewed differently than the Attorney General's scope determination under § 2679.

to think that scope certification by the Attorney General is a prerequisite to immunity under § 233(a)." *Hui*, 559 U.S. at 811.

In sum, the language of § 233, the purpose of the deeming process, and desire for immunity determinations to be made by a federal court all suggest that where the Attorney General fails to appear in state court within the 15-day period imposed by § 233(*l*)(1), section 233(*l*)(2) was intended to provide a deemed PHS employee with the right to remove a matter at any time prior to trial, and through the removal request that a federal court determine whether the employee is immune from suit.[17]

## CONCLUSION

Based on the foregoing analysis, I recommend that on the preliminary issues for which the parties submitted a stipulated record (ECF No. 28), the Court determine that Defendants' removal is not procedurally defective under § 233(*l*), and that the Court order further proceedings regarding Plaintiff's motion to remand, and the hearing contemplated by § 233(*l*)(2).[18]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

---

[17] While the scope of the hearing contemplated by §233(*l*)(2) was not among the specific issues identified as the "preliminary issues," because the nature and purpose of the hearing are pertinent to the assessment of the removal issue, the scope of the hearing is addressed in this Recommended Decision.

[18] If the Court adopts this Recommended Decision, a conference of counsel would likely be appropriate to discuss the hearing to be conducted pursuant to § 233(*l*)(2), and the further proceedings that are necessary regarding Plaintiff's motion to remand.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

> /s/ John C. Nivison
> U.S. Magistrate Judge

Dated this 8th day of January, 2016.