UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EMILY KEZER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:15-cv-00225-JAW |
| ) | |
| PENOBSCOT COMMUNITY ) | |
| HEALTH CENTER, et al., ) | |
| ) | |
| Defendants ) | |

**DECISION AND ORDER
REGARDING FURTHER PROCEEDINGS**

In this action, Plaintiffs Emily Kezer and Justin Kezer allege Defendants Penobscot Community Health Center (PCHC) and some of its employees are liable to Plaintiffs in tort for alleged violations of the Health Insurance Portability and Accountability Act of 1996 (HIPPA). More specifically, Plaintiffs allege Defendants improperly accessed Plaintiff Emily Kezer's medical records. At the time, Plaintiff Emily Kezer was both an employee and patient of PCHC. Defendants removed the action pursuant to, and assert immunity under, the Public Health Service Act, 42 U.S.C. § 233.

Upon the challenge of Plaintiffs and the United States (the Government) to Defendants' removal of this action from state court, the Court concluded that the matter would proceed to the hearing contemplated by 42 U.S.C. § 233(*l*)(2). (Order Affirming the Recommended Decision of the Magistrate Judge, ECF No. 51.) During a subsequent telephonic conference, the parties expressed some uncertainty as to the nature and scope of the hearing that would be necessary. The Court, therefore, ordered the parties to file memoranda to (a) identify the issues for the Court's consideration at the hearing described in § 233 of the Public Health Security Act, 42 U.S.C. §

233(*l*)(2); (b) set forth the standard of proof for each issue and discuss which party has the burden of proof on each issue; and (c) discuss whether an evidentiary record is necessary for the Court to resolve each issue, and, if so, discuss whether a testimonial hearing is necessary. (Report of Telephone Conference and Order, ECF No. 54.)

The parties filed memoranda in accordance with the Court's order. Following a review of the memoranda, and after consideration of the parties' arguments, the Court concludes that an evidentiary record is not necessary to determine the applicability of 42 U.S.C. § 233(a) as to the claims against Defendant Penobscot Community Health Center, but that the hearing contemplated by 42 U.S.C. § 233(*l*)(2) requires the development of an evidentiary record as to the claims against the individual defendants.

## I.   BACKGROUND

Plaintiffs commenced this action with the filing of a notice of claim in Maine Superior Court in accordance with the Maine Health Security Act, 24 M.R.S. §§ 2851, et seq. Defendants, deemed officers or employees of the Public Health Service (PHS), removed the action from state court pursuant to the Federally Supported Health Centers Assistance Act amendments, 42 U.S.C. § 233, to the Public Health Service Act (PHSA), 42 U.S.C. §§ 201 et seq.. The PHSA provides immunity for commissioned officers and employees of the PHS for certain conduct, permits removal of actions to federal district court by commissioned officers and employees sued in state court, and sets forth a procedure for determining the appropriate forum for claims asserted against commissioned officers and employees.[1]

More specifically, immunity is conferred under § 233(a) of the PHSA:

---

[1] The parties have stipulated to certain additional background facts, including that Defendants were commissioned under the Public Health Services Act during the periods of time relevant to Plaintiffs' claims, as set forth in the prior Recommended Decision (ECF No. 42) and the Court's Order Adopting the Recommended Decision (ECF No. 51).

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, … for damage for personal injury … resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

The procedure for determining the appropriate forum for an action against PHS-commissioned officers or employees is set forth in § 233(*l*)(2):

> If the Attorney General fails to appear in State court …, upon petition of any entity or officer, governing board member, employee, or contractor of the entity named, the civil action or proceeding shall be removed to the appropriate United States district court.  The civil action or proceeding shall be stayed in such court until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages described in subsection (a) of this section and issues an order consistent with such determination.

The Government deemed Defendant PCHC and the individual defendants to be officers or employees of the Public Health Service throughout the time relevant to this action.  Upon review of Plaintiffs' state court notice of claim, however, the Government concluded that Plaintiffs' claims are not claims for which Defendants are entitled to immunity under § 233(a).  When the Government determined Defendants were not entitled to immunity, Defendants removed the action from state court.

In a prior order, the Court found Defendants' removal was procedurally proper; that Defendants are entitled to judicial review of the Government's immunity determination; and that the Court's review will either sustain the Government's decision and grant Plaintiffs' motion to remand, or overrule the Government's decision and deny the motion to remand.  (Order Affirming the Recommended Decision of the Magistrate Judge at 9 – 10, 13 – 14.)  Accordingly, the Court ordered that a hearing be held pursuant to 42 U.S.C. § 233(*l*)(2).  (*Id.* at 14.)  The Court subsequently ordered the parties to file the memoranda referenced above.

## II. THE PARTIES' ARGUMENTS

### A. Plaintiffs' Position

Plaintiffs initially maintained that the only issue for hearing is whether the Government "has taken a position on whether Defendants are entitled to coverage under 42 U.S.C. § 233(a)." (Plaintiffs' Memorandum, ECF No. 61, at 1.) Plaintiffs argued, therefore, that a hearing is not necessary because the parties have stipulated that the Government takes the position that Defendants are not entitled to coverage. (*Id.* at 5.) Plaintiffs thus urged the Court to remand the matter to state court.

In response to Defendants' arguments, Plaintiffs suggested two other possible approaches. First, the Court could direct the Government to file the administrative record created as part of its internal immunity decision under § 233, and that the Court could review the Government's decision under the deferential standard that applies under the Administrative Procedures Act. (Plaintiffs' Reply, ECF No. 66, at 1 – 2.)

Alternatively, Plaintiffs adopt the Government's argument that the Court conduct a two-part analysis limited to (1) whether the damages alleged in Plaintiffs' notice of claim resulted from the performance of medical, surgical, dental, or related functions and, if so, (2) whether Defendants acted within the scope of their office or employment. Plaintiffs argue because Defendants are the proponents of federal court jurisdiction, Defendants have the burden of proof on both issues. (*Id.* at 2.) Plaintiffs also contend that legal precedent regarding scope determinations made under the Westfall Act, 42 U.S.C. § 2679, should guide the Court's review. (*Id.*)

Plaintiffs assert an evidentiary hearing is not necessary in the absence of any material factual dispute. Plaintiffs contend that in this case, the Court can rule as a matter of law on the claim against PCHC based on a review of the notice of claim. (*Id.*) In particular, Plaintiffs argue

4

that after the parties have the opportunity to brief the issue, the Court can determine whether their claim of failure to safeguard protected health information "falls within the § 233(a) concept of 'medical … or related functions.'" (*Id*. at 3.)  Plaintiffs, however, concede that PCHC's employees acted within the scope of their employment when they failed to safeguard the records. (*Id*. at 5.) As to the individual defendants' alleged decision to view Plaintiff Emily Kezer's confidential medical records, Plaintiffs assert that limited discovery and a testimonial hearing are necessary to determine whether any medical or related functions were served by the individual defendants' conduct, and whether the conduct was within the scope of their employment. (*Id.* at 4 – 5.)

**B.     Defendants' Position**

Defendants assert the threshold question is whether the claims alleged in the state court proceeding are among the types of claims covered by the immunity afforded by 42 U.S.C. § 233(a). (Defendants' Memorandum, ECF No. 62, at 1.) [2]  Defendants argue the Government's negative immunity determination presents an issue of law and thus is subject to de novo review; Defendants acknowledge they must demonstrate that the claims are covered. (*Id.* at 4, 10.)  Defendants believe that the record is limited to the four-corners of Plaintiffs' pleadings. (*Id.* at 4 & n.1.)

---

[2] Defendants evidently suggest that the Court should make a preliminary determination that the alleged conduct is within the scope of their employment, because the Government has never found otherwise and has instead concluded only that Plaintiffs' claims do not come within § 233(a) coverage because the claims do not involve medical malpractice claims. (Defendants' Memorandum at 3: "If plaintiffs were to challenge such a favorable scope of employment determination by … the Court, they would have the burden ….", and at 9: "It would be impermissible for the government to now assert that defendants are not entitled to immunity because they were not acting within the scope of employment.")  Assuming, arguendo, that the Government based its internal coverage decision on the perceived absence of a traditional medical malpractice claim, Defendants have provided no authority for the proposition that the Government waived the ability to contest the scope of employment issue in the context of this Court's de novo review of the coverage question.  Instead, they cite *El Rio Santa Cruz Neighborhood Health Center, Inc. v. U.S. Department of Health and Human Services*, 396 F.3d 1265, 1276 (D.C. Cir. 2005), which rejected "post hoc rationalizations" in the context of review under the APA.  (*Id.* at 9.)  The Government more persuasively argues in response that challenges to subject matter jurisdiction cannot be forfeited or waived by implication. (Government's Responsive Memorandum, ECF No. 65, at 7.)  Moreover, "[w]aivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed." *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33 (1992) (internal quotation marks omitted).

Defendants agree with Plaintiffs that the coverage determination is based on two factors: (1) whether the damages resulted from the performance of "medical, surgical, dental, or related functions," and, if so, (2) whether each defendant was "acting within the scope of [his or her or its] office or employment."  (Defendants' Responsive Memorandum at 1, ECF No. 67.)

On the issue of whether Plaintiffs' claim arises out of medical or related functions, citing *Hui v. Castaneda*, 559 U.S. 799, 806, 812 (2010), Defendants argue that all tort claims arising out of the performance of medical and related functions, and not simply medical malpractice claims, are within the coverage provision of § 233.  (Defendants' Memorandum at 6; *see also* Defendants' Responsive Memorandum at 3: "§ 233 immunity … captures any civil damages action or proceeding alleging professional misfeasance or dereliction".)  Relying on the Maine Law Court's decision in *Brand v. Seider*, 697 A.2d 846 (Me. 1997), Defendants argue that Plaintiffs' claim is within the scope of § 233 because a claim related to confidential patient health information is an "action for professional negligence" under the Maine Health Security Act, 24 M.R.S. § 2502(6).  (Defendants' Memorandum at 6.)

Defendants also argue that an evidentiary hearing is not required on the scope of employment issue "because, if the Court accepts the allegations of the notice of claim as true, the defendants meet their burden of showing that they acted within the scope of employment."  (*Id.* at 10.)  Defendants specifically note that their Public Health Service commission confers immunity in connection with grant-supported, health service activities conducted by PCHC, which include the statutory obligation to "have an ongoing quality improvement system that includes clinical services and management, and that maintains the confidentiality of patient records."  (*Id.* at 10 – 11, quoting 42 U.S.C. § 254b(k)(3)(C), and citing 42 C.F.R. § 51c.303(c)(2)(ii).)  Defendants also argue that the individual defendants have immunity because the act of accessing medical records,

6

even if under inappropriate circumstances, is the kind of conduct they are employed to perform. (*Id.* at 12, citing *Bergeron v. Henderson*, 47 F. Supp. 2d 61, 72 (D. Me. 1999); Defendants' Responsive Mem. at 5, citing, *inter alia*, *Rosado-Montes v. United States*, 8 F. Supp. 3d 55, 65 (D.P.R. 2014).).[3]

**C.     Government's Position**

The Government contends that pursuant to the plain language of § 233(*l*)(2), the Court must determine: (1) whether the alleged damages resulted from Defendants' performance of "medical … or related functions"; and (2) whether Defendants were "acting within the scope of [their] office or employment." (Government's Memorandum, ECF No. 60, at 2 – 3.) According to the Government, Defendants have the burden of demonstrating, by a preponderance of the evidence, that the claim is within § 233 and thus within this Court's jurisdiction. (*Id.* at 2 – 3, 8 – 11.)

While the Government believes that the initial inquiry (medical or related function) is a legal issue to be decided based on the "particular allegations" in the pleadings (*Id.* at 3), the Government contends the second inquiry (scope of employment) is "inherently fact-based" (*Id.* at 12). Nevertheless, following its review of Defendants' initial memorandum, the Government maintains that no evidentiary hearing is required because Defendants, who have the burden of

---

[3] As discussed in *Bergeron*, the wrongfulness of the conduct in question is not determinative of whether the conduct was actuated by a purpose to serve the employer. 47 F. Supp. 2d at 65 – 66 (citing Restatement (Second) of Agency §§ 228, 231, 235, 236). "[A]ctions that are done with a private, rather than a work-related, purpose to commit wrongdoing are outside of the scope of employment and render the motivation of the employee, in performing the act at issue a crucial, immunity-related fact." *Id.* at 66. In *Rosado-Montes*, the district court, in a factually similar case, denied a motion to dismiss based on a finding that it was "not implausible that the unauthorized access and disclosure of Rosado's medical information benefited – if only minimally – the [Veteran's Hospital]" and was therefore within the scope of employment for purposes of determining whether the plaintiff stated a claim against the United States under the FTCA. 8 F. Supp. 3d at 65. The individual defendants in the case did not include the co-employees who allegedly invaded the plaintiff's privacy. *Id.* at 58, 65.

proof, do not believe a hearing is required and have not suggested the type of evidence they would present at a hearing. (Government's Response, ECF No. 65, at 8 – 9.)

On the first issue, the Government argues that "medical … or related functions" must be construed strictly because the language waives sovereign immunity. (Government's Memorandum at 5.) The Government contends that Plaintiffs' claims do not involve medical or related functions because they are based on the "unauthorized access … of [Emily Kezer's] protected mental health information" and do not describe traditional medical malpractice claims. (*Id.* at 4 – 6, citing *Mendez v. Belton*, 739 F.2d 15, 19 (1st Cir. 1984), and *Gallagher v. Penobscot Cmty. Healthcare*, 15-cv-255-DBH, 2016 WL 1032797, at \*4 (D. Me. Mar. 15, 2016).) According to the Government, the language of § 233(a), the statute's legislative history, First Circuit precedent, the strict rule of construction that applies to waivers of sovereign immunity, and the rule of *ejusdem generis* undermine Defendants' argument for a more expansive reading of the scope of § 233(a) immunity. (Government's Memorandum at 5; Government's Response at 1 – 4.) In the Government's view, Plaintiffs' claims involve "records management, information technology, quality control, and human resources administration," and not medical functions. (Government's Response at 4.) Concerning the Maine Health Security Act, the Government asserts that its scope is broader than the scope of "medical … and related functions" under the Public Health Security Act, such that a claim subject to regulation under the Maine Health Security Act is not necessarily within the immunity language of § 233(a). (*Id.* at 4 – 5.)

The Government also argues that unauthorized access by co-workers is not within the scope of employment precisely because it was not authorized and was not "actuated" to serve PCHC. (Government's Memorandum at 7 – 8, citing Restatement (Second) of Agency § 228.) The Government argues that because Congress did not articulate a standard, the scope of employment

8

issue must be assessed based on Maine common law. (Government's Response at 6 – 7.) Finally, the Government disagrees with Plaintiffs' contention that activities required under the PHS grant project and associated regulations inform the scope of employment analysis. (*Id.* at 8.)

### III.    DISCUSSION

**A.    Preliminary Conclusions of Law**

The parties' agreement and the relevant authority support the following conclusions of law:[4]

1.    Defendants have the burden to demonstrate their immunity from suit. *Lyons v. Brown*, 158 F.3d 605, 610 (1st Cir. 1998) (burden is on party challenging government's determination of the certification issue "to prove any facts needed to contradict the government's characterization of the conduct in dispute").

2.    The inquiry into Defendants' immunity "begins and ends with the text of § 233(a)." *Hui*, 559 U.S. at 805.

3.    To obtain immunity Defendants must demonstrate (1) that Plaintiffs' claims are "for damage or personal injury … resulting from the performance of medical … or related functions," and (2) that the functions were undertaken "while acting within the scope of … employment." 42 U.S.C. § 233(a).

---

[4] The Court's prior rulings also resolve some of the legal arguments. As mentioned above, Plaintiffs argue the Court's review is limited to determining whether the Government made a scope determination and enforcing the determination the Government made. Because the record establishes that the Government made a negative determination, Plaintiffs argue the Court should remand their notice of claim to state court. Alternatively, Plaintiffs assert that the Court should apply a deferential APA standard of review at the § 233(*l*) hearing. The Court has, in substance, already rejected Plaintiff's arguments. In its prior Order, the Court determined that the matter of Defendants' § 233(a) immunity is subject to judicial review and is properly before the Court as the result of Defendants' notice of removal. Additionally, the Court considered and rejected an argument that the immunity issue be addressed under the Administrative Procedures Act. Plaintiffs' first alternative position, that the Court conduct judicial review in the context of determining Plaintiffs' motion to remand, but apply a deferential standard drawn from the APA, advocates a hybrid approach that does not appear to have been employed by any court reviewing federal officer or PHS commissioned officer immunity determinations.

4.  If a defendant establishes an entitlement to immunity, the defendant should be replaced by the United States as the proper party, *Hui*, 559 U.S. at 801 – 802, provided the defendant successfully moves for substitution demonstrating an entitlement to immunity.

5.  If the United States is substituted as a party for a defendant on any claim, or if Plaintiffs file an amended complaint that includes a claim against the United States, the Court's subject matter jurisdiction will be conclusively established, including over any state law claims between non-diverse parties that form part of the same case or controversy as the claim(s) against the United States.  42 U.S.C. § 233(a); 28 U.S.C. §§ 1346(b)(1), 1367(a).

### B.  Standard for Determining Official Immunity

The PHSA confers immunity on commissioned officers and employees of the PHS for "damages for personal injury … resulting from the performance of medical, surgical, dental, or related functions," provided that the officers and employees acted "within the scope of [their] office or employment."  42 U.S.C. § 233(a).  Where these requirements are met, the exclusive remedy is against the United States under 28 U.S.C. § 1346(b) and § 2672.  *Id.*[5]

#### 1.  Medical or related function

The first issue is whether Plaintiffs' claims are claims "for damage or personal injury … resulting from the performance of medical … or related functions."  In *Mendez v. Belton*, 739 F.2d 15 (1st Cir. 1984), the First Circuit considered whether the chief of clinical services at a PHS-commissioned hospital had immunity under § 233(a) for a civil rights action brought by a physician who alleged her loss of hospital staff privileges violated the Equal Protection Clause.  The First Circuit reversed the district court's "broad reading of the absolute immunity statute" and held that

---

[5] Because the United States is not presently a party and the matter arises in the context of Defendants' removal and Plaintiff's motion to remand, and because the controversy presently before the Court concerns Defendants' alleged entitlement to immunity, consideration of the Government's potential sovereign immunity is not appropriate at this time.

10

§ 233(a) immunity is limited to "suits that sound in medical malpractice." *Id.* at 19. Because the plaintiff's action was based on alleged acts of intentional discrimination in employment, and not "damages cause by improper medical treatment," the First Circuit concluded that the defendant was not entitled to summary judgment based on § 233(a) immunity.[6] *Id.* at 20.

In 2010, the Supreme Court considered the scope of § 233(a) immunity in *Hui v. Castaneda*. The plaintiffs in *Hui* represented the estate of an immigration detainee who, citing defendants' failure to biopsy and treat the detainee's cancer, brought claims of medical malpractice and deliberate indifference to serious medical needs. 559 U.S. at 802. The district court and the Ninth Circuit ruled that § 233(a) did not provide immunity for the deliberate indifference constitutional claim, reasoning that § 233 did not apply to a constitutional claim brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), in part because § 233 did not mention constitutional claims and was enacted before the Supreme Court recognized such claims in *Bivens*.

The Supreme Court reversed and held that § 233(a) immunity applied to the *Bivens* claim in light of the "breadth of the words 'exclusive' and 'any'" used by Congress in § 233(a). *Id.* at 805 – 806 (citing § 233(a) ("The remedy against the United States … shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee …")). The Court noted that the exclusivity language did not imply a constitutional exception, as demonstrated by Congress's express enactment of an exception to the exclusivity of

---

[6] The First Circuit upheld the entry of summary judgment on the alternative ground that the record did not generate a genuine issue of discriminatory bias. *Mendez*, 739 F.2d at 20.

11

the Federal Tort Claims Act remedy for constitutional claims, an exception that Congress did not similarly introduce to § 233(a) by way of amendment.[7]  *Id.* at 806 – 807.

On the potential applicability of § 233 to the deliberate indifference claim asserted in *Hui*, the Supreme Court wrote:

> To determine a defendant's amenability to suit, we consider whether he or she may claim the benefits of official immunity for the alleged misconduct. Because petitioners invoke only the immunity provided by § 233(a), the question in this case is answered solely by reference to whether that provision gives petitioners the immunity they claim.

*Id.* at 808.  The Supreme Court then determined that immunity applies "for harms arising out of conduct described" in § 233(a), and that the plaintiffs' deliberate indifference claim arising out of the failure to treat the detainee's symptoms of cancer was "plainly preclude[d]" by the statutory language.  *Id.* at 812 – 813.

More recently, in *Gallagher v. Penobscot Community Healthcare*, this Court considered whether § 233 applied to a claim brought against the United States by a physician who alleged PHS-commissioned defendants discriminated against him in the terms and conditions of employment.  No. 1:15-cv-244-DBH, 2016 WL 1032797, at *1.  The Court concluded that such an employment claim did not fall within the exclusivity language of § 233, granted the government's motion to dismiss the claim against it,[8] and declined to exercise jurisdiction over supplemental state law claims.  *Id.* at *4.  In its discussion, the Court observed that employment

---

[7] The Supreme Court also held that the exception for constitutional claims found in the FTCA, 28 U.S.C. § 2679(b)(2)(A), could not be read into the PHSA.  *Hui*, 559 U.S. at 809 – 810.

[8] The plaintiff in *Gallagher* joined the United States as a party defendant.  Plaintiffs herein have not done so and no party has moved to join or substitute the United States in connection with the pending motions.

discrimination necessarily fell outside the bounds of § 233(a) because the First Circuit, in *Mendez*, "clearly limited section 233(a) to medical malpractice claims." *Id.* [9]

Plaintiffs and the Government have argued or anticipate that they will argue that under *Mendez*, § 233 is not applicable because Plaintiffs' claim is not a medical malpractice claim. One issue, therefore, is whether *Mendez* and *Hui* can be reconciled to support the necessary finding that § 233 applies to claims for damage or personal injury resulting from the failure to safeguard confidential patient records. [10]

### 2. Scope of employment

Because § 233(a) expressly incorporates the remedy set forth in 28 U.S.C. § 1346(b) (i.e., the Federal Tort Claims Act), the Court's scope of employment analysis is logically guided by authority developed in the context of judicial review of scope determinations under the FTCA.[11] Pursuant to § 1346(b)(1), federal courts have jurisdiction over tort claims against the United States "where the United States … would be liable to the claimant in accordance with the law of the place where the act or omission occurred." "Consequently, 'the law of the state in which the relevant conduct occurred' determines '[w]hether an employee is acting within the scope of his

---

[9] *See also Logan v. St. Charles Health Council*, No. 1:06-cv-00039, 2006 WL 1149214, at *2 (W.D. Va. May 1, 2006) (suggesting that the language of § 233(a) grants immunity only against patient claims and opining that it "may include suits by patients for injuries resulting from 'medical functions' that are not tied specifically to patient care.").

[10] "Until a court of appeals revokes a binding precedent, a district court within the circuit is hard put to ignore that precedent unless it has unmistakably been cast into disrepute by supervening authority." *Eulitt v. Me. Dep't of Educ.*, 386 F.3d 344, 349 (1st Cir. 2004). However, "[t]o the extent that the Court is unable to reconcile pre-existing First Circuit precedent with the Supreme Court's holding in an intervening case, the Court must follow the dictates of the Supreme Court." *Greenier v. Pace, Local No. 1188*, 201 F. Supp. 2d 172, 177 (D. Me. 2002) (citing *Stewart v. Dutra Constr. Co.,* 230 F.3d 461, 467 (1st Cir.2000) ("[P]rior circuit precedent will yield to a contrary decision of the Supreme Court....")).

[11] Defendants argue that the Government's decision to commission Defendants under the PHSA resolves the scope certification question, evidently because § 233(*l*)(1) does not reference state law. (Defendants' Response at 4.) Section 233(*l*)(1) is not applicable because the Attorney General did not certify in state court that Defendants were acting within the scope of their employment regarding the actions or omissions that underlie this action. Moreover, subsections (c) and (*l*) of § 233 concern the propriety of removal, and do not address the standard the Court must apply to resolve disputes related to scope determinations.

employment for purposes of the FTCA.'" *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (quoting *McIntyre v. United States,* 545 F.3d 27, 38 (1st Cir. 2008)). Here, Maine agency law, specifically the Maine law of respondeat superior, provides the rule for determining whether Defendants' conduct was within the scope of employment. *Id.*

Under Maine law, "[a]n employee's action falls within the scope of employment if (a) it is of the kind he or she is employed to perform; (b) it occurs substantially within the authorized time and space limits; and (c) it is actuated, at least in part, by a purpose to serve the master." *Rodriguez v. Town of Moose River*, 2007 ME 68, ¶ 26, 922 A.2d 484, 492 (quoting *Spencer v. V.I.P., Inc.,* 2006 ME 120, ¶ 6, 910 A.2d 366, 367 (quoting Restatement (Second) of Agency § 228(1))).

Given that the factors relevant to the scope of employment necessarily involve certain factual determinations, scope determinations could require an evidentiary hearing. *Hui*, 559 U.S. at 811 ("To be sure, … immunity is contingent upon the alleged misconduct having occurred in the course of the PHS defendant's duties, but a defendant may make that proof pursuant to the ordinary rules of evidence and procedure."). For example, "in the situation where the motion for substitution contests the facts pled in the complaint, … the district court may hold an evidentiary hearing to resolve material factual disputes related to the scope of employment." *Bergeron v. Henderson*, 47 F. Supp. 2d 61, 68 (D. Me. 1999). However, "[t]o be entitled to an evidentiary hearing, a party … must justify the need for one by presenting evidence of facts that create a genuine conflict in the immunity-related facts; the party may not rely primarily on generalities in unverified pleadings." *Id.*

**C.    The Merits**

To some degree, the parties and the Government commented on the merits of the applicability of § 233(a) to Plaintiffs' claim. Because a preliminary assessment of the merits could

14

inform the need for or scope of an evidentiary hearing, the Court will discuss the potential application of §233(a) to Plaintiffs' notice of claim.

### 1. Plaintiffs' notice of claim

From December 2010 until April 2014, Plaintiff Emily Kezer was a patient of the Helen Hunt Center, a facility operated by Defendant PCHC, at which facility she received treatment for, inter alia, mental health issues. (Notice of Claim, ECF No. 1-1, ¶¶ 3 – 4, 10.) From June 2011 to April 2014, Ms. Kezer was also a PCHC employee at the Helen Hunt Center, where she worked as a patient services representative. (*Id.* ¶ 16.) According to Plaintiffs, between April 2011 and May 2014, employees of Defendant PCHC, including Defendants Kristen Colley, Melinda Morissette, Kenneth Nadeau, and Susan Trundy, violated Ms. Kezer's rights under the Health Insurance Portability and Accountability Act of 1996 (HIPPA) when they accessed her personal health records without authorization and without a legitimate purpose. (Notice of Claim, ECF No. 1-1, ¶¶ 18, 21, 26, 41.)

Defendant Nadeau is the only named defendant to provide health care to Ms. Kezer. (*Id.* ¶ 19.) Plaintiffs maintain none of the individual defendants, including Defendant Nadeau, had cause to review Ms. Kezer's treatment records generated by Charles Grant, Ph.D., whom Plaintiffs identify as a PCHC psychologist. (*Id.* ¶¶ 13, 21.) Plaintiffs assert that the records were accessed in part because PCHC failed to implement adequate safeguards to protect the records, and failed to train and supervise adequately its employees. (*Id.* ¶¶ 33, 35, 38.)

Plaintiffs argue in the alternative that the individual defendants either knew their review of Ms. Kezer's records was prohibited by HIPPA and thus reviewed the records outside the scope of their employment, or they did not know their review was prohibited and reviewed the records within the scope of their employment. (*Id.* ¶¶ 24 – 25.) Plaintiffs assert that as a result of the

unauthorized use of her protected health information, Ms. Kezer felt compelled to resign her employment with PCHC, which she did on April 29, 2014.  She also discontinued her patient relationship with PCHC. (*Id.* ¶¶ 21.)

Plaintiffs contend that in failing to comply with HIPPA standards, Defendants PCHC, Nadeau, Colley, Trundy, and Morissette breached the applicable standard of care for healthcare providers.  (*Id.* ¶¶ 29, 36.)  Plaintiffs also allege PCHC did not implement adequate administrative, physical, and technical safeguards to prevent the unauthorized access to Ms. Kezer's protected health information, (*id.* ¶ 33), and failed to train adequately its employees regarding patients' protected health information.  (*Id.* ¶ 35.)  Plaintiffs assert claims of professional negligence, negligence, negligent infliction of emotional distress, negligent supervision, intentional infliction of emotional distress, and invasion of privacy. (*Id*. ¶ 41.)

**2.    Analysis**

The potential applicability of § 233 for each defendant must be assessed separately and thus the nature of the hearing necessary for each defendant could differ.  Because the allegations against each of the individual defendants are essentially the same, the individual defendants are considered collectively for present purposes.

### a.    *Penobscot Community Health Center*

The record establishes that Defendant PCHC provided medical care to Ms. Kezer, and in connection with the care, PCHC created and maintained confidential health care records.  The issue is whether Plaintiffs' claim that PCHC failed to safeguard the records is within the scope of the language of § 233(a).  That is, the question is whether the claim is "for damage or personal injury … resulting from the performance of medical … or related functions."  The Court can discern no factual disputes that must be resolved in order to make this determination.

### b.    *Individual defendants*

Whether Plaintiffs' claims against the individual defendants are within the scope of § 233 cannot be determine without further development of the record.  To the extent Plaintiffs and the Government contend the Government's certification decision is governed solely by the allegations in the complaint that the individual employees accessed Ms. Kezer's medical records outside the scope of their employment and for non-medical reasons, their argument fails.  First, Plaintiffs alleged in the alternative that the individuals acted within the scope of their employment. (Notice of Claim ¶ 25, ECF No. 1-1.)  In addition, as the Supreme Court noted when reviewing a Westfall Act certification:

> [J]ust as the Government's certification that an employee 'was acting within the scope of his employment' is subject to threshold judicial review, so a complaint's charge of conduct outside the scope of employment, when contested, warrants immediate judicial investigation.  Were it otherwise, a federal employee would be stripped of immunity not by what the court finds, but by what the complaint alleges.

*Osborn v. Haley*, 549 U.S. 225, 247 (2007) (citation omitted).  The same logic and reasoning apply here.  The individual defendants should have the opportunity to challenge Plaintiffs' allegations before the Court determines their immunity status.  A factual record, therefore, is necessary to determine the applicability of § 233 to the individual defendants.

The question is the context in which the issue is presented to the Court.  Based on the current filings, the Court is uncertain whether a testimonial hearing is required, or whether the issues can be resolved based on a stipulated record.  In any event, the hearing as to the individual defendants will require the development of a factual record.

### CONCLUSION

Based on the foregoing analysis, the Court determines that as to Defendant Penobscot Community Health Center, the hearing contemplated by 42 U.S.C. § 233(*l*)(2) can be satisfied

through further written argument as to whether Plaintiffs' claims constitute claims "for damage or personal injury … resulting from the performance of medical … or related functions." The Court also determines that as to the individual defendants, the hearing contemplated by 42 U.S.C. § 233(*l*)(2) requires the development of an evidentiary record.

The Court, therefore, will convene a telephonic conference to discuss and establish a schedule for further proceedings. During the conference, the Court expects to discuss (1) a schedule pursuant to which the parties will brief the issue of whether Plaintiffs' claims constitute claims "for damage or personal injury … resulting from the performance of medical … or related functions;" (2) whether as to the individual defendants, a testimonial hearing is necessary or whether the applicability of § 233(a) can be resolved based on a stipulated record; (3) whether it is appropriate for the Court to consider any motions to substitute the United States as a party for the Defendants in the context of the § 233(*l*)(2) hearing; and (4) whether, because the Court will conduct further proceedings consistent with this Order and the Court's prior orders, the Court should deny Plaintiff's motion to remand at this point with the understanding that the Court's jurisdiction to consider Plaintiffs' substantive claims will be determined in the context of the § 233(*l*)(2) hearing and any motion to substitute the United States as a party that might be filed.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of January, 2017.