UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EMILY KEZER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 1:15-cv-00225-JAW |
| | ) |
| PENOBSCOT COMMUNITY | ) |
| HEALTH CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON OBJECTION TO DECISION AND ORDER OF THE MAGISTRATE JUDGE**

On January 13, 2017, the Magistrate Judge issued a decision and order concluding that the hearing contemplated by 42 U.S.C. § 233(*l*)(2) to determine the appropriate forum for the Plaintiffs' claims is necessary as to the claims against the individual Defendants but not as to the claims against Penobscot Community Health Center. The Plaintiffs objected. After a de novo review, the Court affirms the Magistrate Judge's decision and order and overrules the Plaintiffs' objections.

**I.   BACKGROUND**

   **A.   Procedural History**

On January 29, 2015, Emily Kezer and Justin Kezer, her husband, filed a Notice of Claim in the Penobscot County Superior Court against Penobscot Community Health Center (PCHC) and four of its employees. *Notice of Removal* Attach. 1 *Notice of Claim* (ECF No. 1). On June 12, 2015, PCHC and the four individual Defendants filed a notice of removal from Penobscot County Superior

Court to this Court.[1]  *Notice of Removal* at 1–11.  On August 15, 2016, the Court concluded that the Defendants' removal of the case to this Court was procedurally proper and ordered the hearing contemplated by 42 U.S.C. § 233(*l*)(2) be held.  *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 51).

On August 24, 2016, the Magistrate Judge held a telephone conference and ordered the parties to submit memoranda to assist the Court in defining the scope of the § 233(*l*)(2) hearing.  *Min. Entry* (ECF No. 53); *Report of Telephone Conference and Order* (ECF No. 54).  After submission of memoranda, on January 13, 2017, the Magistrate Judge issued an order.  *Decision and Order Regarding Further Proceedings* (ECF No. 68) (*Order*).  On January 27, 2017, the Plaintiffs objected.  *Pls.' Obj. to Recommended Decision* (ECF No. 70) (*Pls.' Obj.*).  On February 10, 2017, the Defendants responded.  *Defs.' Resp. to Pls.' Objs. to Recommended Decision* (ECF No. 72) (*Defs.' Resp.*).

      **B.**    **The Magistrate Judge's Order**

In his January 13, 2017 Order, the Magistrate Judge concluded that an evidentiary record is not necessary to determine the applicability of 42 U.S.C. § 233(a) as to the Plaintiffs' claims against PCHC, but a hearing is necessary to develop an evidentiary record as to their claims against the individual Defendants.  *Order* at 2.

## II.   THE PARTIES' POSITIONS

      **A.**    **The Plaintiffs' Objection**

---

[1]    Like the Magistrate Judge, the Court has referred to the parties as plaintiffs and defendants, not claimants and respondents.  *See Recommended Decision* at 3 n.4 (ECF No. 42).  It refers to the United States by its name or by the Government.  *Id.*

In the Plaintiffs' view, the "only issue to be decided at the § 233(*l*)(2) hearing is whether the Attorney General has taken a position on whether Defendants are entitled to coverage under 42 U.S.C. § 233(a)." *Pls.' Obj.* at 1. The Plaintiffs contend that the sole purpose of the § 233(*l*)(2) hearing is "to protect a covered defendant against a default judgment" and that to effectuate this purpose:

> [T]he proper scope of the hearing and order is limited to (a) whether the prerequisites for removal as alleged have been met, and, if so, (b) determining the Attorney General's position on whether the removing party is deemed to be an employee of the [Public Health Service] for purposes of § 233 with respect to the actions or omissions that are the subject of the civil action or proceeding, and then issuing an order on the appropriate forum or procedure based on that determination, i.e., remand if the Attorney General makes a negative deeming decision and substitution of the United States as the party defendant pursuant to § 233(c) if the Attorney General makes a positive one.

*Id.*

### B.  The Defendants' Response

The Defendants disagree. *Defs.' Resp.* at 1–9. The Defendants first argue that deeming determinations are not the same as scope of employment certifications. *Id.* at 1–3. In the Defendants' view, favorable deeming determinations are unreviewable, and unfavorable deeming determinations are reviewable pursuant to the Administrative Procedures Act. *Id.* at 1–2. By contrast, a scope of employment certification, or refusal to certify, is, in Defendants' view, subject to de novo review. *Id.* at 4. The Defendants contend that, as the issue here is scope of employment, the Attorney General's determination is subject to de novo review. *Id.* at 2.

### III. DISCUSSION

The narrow issue is whether the § 233(*l*)(2) hearing is restricted, as Plaintiffs claim, to resolving whether the Attorney General has taken a position on the Defendants' entitlement to coverage under § 233(a), or whether the § 233(*l*)(2) hearing includes, as Defendants claim, a determination of whether the claims arise from the performance of medical or related functions within the scope of employment. Assuming that the Court concludes that the broader interpretation obtains, the Plaintiffs have not asserted that the Magistrate Judge erred in concluding that an evidentiary hearing would not be necessary to determine PCHC's status, but an evidentiary hearing would be necessary to determine the individual Defendants' status.

Section 233(*l*)(2) is entitled "Timely response to filing of action or proceeding" and reads:

> If the Attorney General fails to appear in State court within the time period prescribed under paragraph (1), upon petition of any entity or officer, governing board member, employee, or contractor of the entity named, the civil action or proceeding shall be removed to the appropriate United States district court. The civil action or proceeding shall be stayed in such court until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages described in subsection (a) of this section and issues an order consistent with such determination.

42 U.S.C. § 233(*l*)(2). The statute also discusses the hearing:

> Should a United States district court determine on a hearing on a motion to remand held before a trial on the merit that the case so removed is one in which a remedy by suit within the meaning of subsection (a) of this section is not available against the United States, the case shall be remanded to the State Court. . . .

*Id.* § 233(c).

In its last order, the Court was perplexed by the Government's position. *Order Affirming the Recommended Decision of the Magistrate Judge* at 10–14 (ECF No. 51). This time, the Court is confused by the Plaintiffs' contentions. First, there is nothing in the language or organization of the statute that limits the scope of the authorized hearing in the fashion the Plaintiffs suggest. Next, as the Court observed in its August 15, 2016 order, the United States Supreme Court made it plain in *Hui v. Castaneda*, 559 U.S. 799 (2010), "[t]o be sure, [immunity under § 233(a)] is contingent upon the alleged misconduct having occurred in the course of the PHS defendant's duties, but a defendant may make that proof pursuant to the ordinary rules of evidence and procedure." *Id.* at 811; *see Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 424 (1995). Third, if the only reason for the hearing is, as the Plaintiffs claim, to determine the Attorney General's position, it hardly seems necessary to hold a hearing when a letter would suffice. Fourth, the Plaintiffs' restrictive view of the hearing runs counter to the Supreme Court's vision of the role of federal courts in determining scope of employment certifications as it would effectively require the federal courts to "enter as a court judgment an executive officer's decision, but stripped of capacity to evaluate independently whether the executive's decision is correct." *Lamagno*, 515 U.S. at 426. As the Supreme Court explained, the argument for unreviewability in this context "runs up against a mainstay of our system of government." *Id.* at 428. Finally, in *Vélez–Díaz v. Vega–Irizarry*, 421 F.3d 71 (1st Cir. 2005), the First Circuit interpreted the provisions of the Westfall Act, 28 U.S.C. § 2679, which are analogous for these purposes to the Federally Supported Health

5

Centers Assistance Act here. In *Vélez–Díaz*, the First Circuit observed that the Attorney General's certification concerning scope of employment is "provisional and subject to judicial review." *Id.* at 75 (quoting *Davric Me. Corp. v. United States Postal Serv.*, 238 F.3d 58, 65 (1st Cir. 2001)). The *Vélez–Díaz* Court went on to write that "[w]here plaintiffs are able to show that the employees acted outside the scope of their employment, the employees may be re-substituted as the party defendants." *Id.*

In short, the Court disagrees with the Plaintiffs' position.

## IV.   CONCLUSION

The Court has performed a de novo review pursuant to Federal Rule of Civil Procedure 72 and, for the reasons set forth in the Magistrate Judge's Decision and Order as further elaborated here, the Court AFFIRMS the Magistrate Judge's Decision and Order Regarding Further Proceedings (ECF No. 68) and OVERRULES the Plaintiffs' Objection to Recommended Decision (ECF No. 70).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2017