UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EMILY KEZER, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>PENOBSCOT COMMUNITY )<br>HEALTH CENTER, et al., )<br>)<br>Defendants. ) | 1:15-cv-00225-JAW |

**ORDER ON OBJECTION TO ORDER OF THE MAGISTRATE JUDGE REGARDING HEARING IN ACCORDANCE WITH 42 U.S.C. § 233(*l*)(2)**

The Plaintiffs object to the Magistrate Judge's order concerning the scope of an immunity hearing under 42 U.S.C. § 233(*l*)(2) and the availability of discovery in anticipation of the § 233 hearing. Concluding that the Magistrate Judge's order was neither clearly erroneous nor contrary to law, the Court affirms the Magistrate Judge's order.

**I.     BACKGROUND**

   **A.     Procedural History**

On January 29, 2015, Emily Kezer and Justin Kezer, her husband, filed a Notice of Claim in the Penobscot County Superior Court against Penobscot Community Health Center (PCHC) and four of its employees. *Notice of Removal* Attach. 1 *Notice of Claim* (ECF No. 1). On June 12, 2015, PCHC and the four individual Defendants filed a notice of removal from Penobscot County Superior

Court to this Court.[1] *Notice of Removal* at 1–11. On August 15, 2016, the Court concluded that the Defendants' removal of the case to this Court was procedurally proper and ordered that the hearing contemplated by 42 U.S.C. § 233(*l*)(2) be held. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 51).

On August 24, 2016, the Magistrate Judge held a telephone conference and ordered the parties to submit memoranda to assist the Court in defining the scope of the § 233(*l*)(2) hearing. *Min. Entry* (ECF No. 53); *Report of Telephone Conference and Order* (ECF No. 54). After submission of memoranda, on January 13, 2017, the Magistrate Judge issued an order. *Decision and Order Regarding Further Proceedings* (ECF No. 68). On January 27, 2017, the Plaintiffs objected. *Pls.' Obj. to Recommended Decision* (ECF No. 70). On February 10, 2017, the Defendants responded. *Defs.' Resp. to Pls.' Objs. to Recommended Decision* (ECF No. 72). On June 9, 2017, the Court affirmed the Magistrate Judge's decision and overruled the Plaintiffs' objections. *Order on Obj. to Decision and Order of the Magistrate Judge* (ECF No. 74).

On June 20, 2017, following issuance of the June 9, 2017 Order, the Magistrate Judge issued an order regarding the § 233 hearing. *Order Regarding Hr'g in Accordance with 42 U.S.C. § 233(l)(2)* (ECF No. 77) (*Order*). On June 29, 2017, the Plaintiffs objected to the Magistrate Judge's Order. *Pl.'s Obj. to Recommended Decision* (ECF No. 78) (*Pls.' Obj.*). On July 13, 2017, the Defendants responded to the

---

[1] Like the Magistrate Judge, the Court refers to the parties as plaintiffs and defendants, not claimants and respondents. *See Recommended Decision* at 3 n.4 (ECF No. 42). It refers to the United States by its name or by the Government. *Id.*

Plaintiffs' objection. *Defs.' Resp. to Pl.'s Obj. to Recommended Decision* (ECF No. 83) (*Defs.' Opp'n*). The Magistrate Judge scheduled the § 233 hearing for October 12, 2017. *Min. Entry* (ECF No. 80); *Report of Conference of Counsel and Order* (ECF No. 81).

      B.    **The Magistrate Judge's June 20, 2017 Order**

In accordance with the earlier orders of the Court, in his June 20, 2017 order, the Magistrate Judge defined the two issues to be resolved at the § 233 hearing: (1) whether Plaintiffs' claims constitute claims "for damage or personal injury . . . resulting from the performance of medical . . . or related functions;" and (2) whether each defendant was acting within the scope of his or her employment. *Order* at 1. The Magistrate Judge noted that as to PCHC, the "sole issue is whether Plaintiffs' claims are for damage or personal injury resulting from the performance of medical or related functions." *Id.* The Magistrate Judge did not discern a need for an evidentiary hearing on that issue as it relates to PCHC. *Id.*

As for the remaining Defendants, namely Kenneth G. Nadeau, PA-C, Kristen N. Colley, PA-C, Susan M. Trundy, LCSW, and Melinda M. Morissette, PMH-NP, the Magistrate Judge wrote that he would conduct an evidentiary hearing on both issues. *Id.* at 2. The Magistrate Judge noted that the Plaintiffs requested the opportunity to conduct discovery, but the Magistrate Judge stated that he was concerned discovery would delay the resolution of the matter and that the Plaintiffs' "concern for notice of anticipated evidence can be effectively addressed in a pretrial order." *Id.* The

3

Magistrate Judge declined to authorize discovery but stated that he would schedule a hearing and issue a pre-hearing order to govern the parties' pre-hearing filings. *Id.*

## II.   THE PARTIES' POSITIONS

### A.   The Plaintiffs' Objection

The Plaintiffs object to the Magistrate Judge's June 20, 2017 Order. First, they claim that the Magistrate Judge erred in stating that the issues to be considered at the evidentiary hearing would not relate to PCHC, and next they challenge his decision not to allow discovery. *Pls.' Obj.* at 1.

Regarding the first issue, the Plaintiffs contend that the upcoming hearing "should relate to all Defendants—PCHC and the individuals—albeit limited to the claims arising out of the individuals' improper viewing of Emily Kezer's protected health information." *Id.* at 2. The Plaintiffs argue that the Court "should distinguish between the two general types of alleged wrongful conduct in the [Notice of Claim] because the need for an evidentiary hearing is different for each type." *Id.* The Plaintiffs distinguish between their claim against PCHC for its alleged failure to safeguard the confidentiality of Ms. Kezer's protected health information and their claim against the individual defendants' allegedly unauthorized viewing of her protected health information for which, they say, both PCHC and the individuals are liable. *Id.*

The Plaintiffs agree that there is no need for an evidentiary hearing to resolve the first type of wrongful conduct—PCHC's alleged failure to safeguard Ms. Kezer's protected health information—and that whether the PCHC's employees, who

committed the failure did so within the scope of employment may be decided "as a matter of law after the parties are afforded an opportunity to brief the issue." *Id.* at 2-3.

The Plaintiffs maintain, however, that the second type of wrongful conduct—the actual viewing of the protected information—requires a testimonial hearing. They say the Court needs to determine (1) whether the individual defendants who accessed Ms. Kezer's protected health information provided any medical treatment to her that justified their access or, in the language of the Public Health Security Act, whether their access was for a "medical . . . or related function[]," 42 U.S.C. § 233(a); (2) whether the employees' viewings were done inside or outside the scope of their employment; and (3) with respect to PCHC, whether PCHC is entitled to partial or complete § 233(a) immunity. *Id.* at 3.

The Plaintiffs also object to the denial of the opportunity to conduct limited discovery before the evidentiary hearing. *Id.* They then list the areas of discovery they believe they need to complete in order to proceed with the evidentiary hearing. *Id.* at 4. Finally, they urge the Court to allow specific limited discovery before the hearing takes place. *Id.* at 5.

### B.   The Defendants' Position

In response, the Defendants contend that an evidentiary hearing is not necessary to assess whether PCHC was acting within the scope of its scope of employment "in maintaining and safeguarding her health information." *Defs.' Opp'n* at 1. They point out that the Plaintiffs have not alleged that PCHC as an entity

5

"viewed her protected health information without authorization." *Id.* This leaves, in the Defendants' view, a narrow factual question to be resolved at the hearing: whether or not the individual defendants accessed Ms. Kezer's health information as part of their employment at PCHC. *Id.*

However, regardless of the resolution of this factual question, the Defendants assert that PCHC is entitled to absolute immunity. *Id.* at 2. They explain that if the Court determines that the individual defendants were acting outside the scope of their employment when accessing Ms. Kezer's health information, then PCHC could not be held liable under the theory of vicarious liability for their non-employment actions. *Id.* Yet, if the Court determines that the employees accessed her health information as part of their employment, then PCHC would be absolutely immune under § 233(a). *Id.*

The Defendants also point out that the immunity question is not a merits question. *Id.* The Defendants emphasize that an employee may commit malpractice or act negligently within the scope of the employee's scope of work and yet be immune from suit. They claim that so long as the individual defendants had the authority to access patient records generally, their alleged unauthorized access to Ms. Kezer's health information necessarily occurred during their employment, and a § 233(*l*)(2) hearing is not "the occasion to determine the merits of the case - - *i.e.* whether the alleged misconduct occurred." *Id.*

Finally, the Defendants contend that the Magistrate Judge correctly limited discovery for purposes of the upcoming § 233 hearing because an evidentiary hearing to determine immunity issues is not intended to be "a trial before the trial." *Id.* at 3.

## III. DISCUSSION

### A. Standard of Review

The parties assume that the Magistrate Judge's June 20, 2017 order was a recommended decision. *Pls.' Obj.* at 1 ("NOW COME Plaintiffs, through counsel, pursuant to Local Rule 72.1, and hereby object to the Recommended Decision by the Magistrate Judge, dated June 20, 2017"); *Defs.' Opp'n* at 1 ("Pursuant to Local Rule 72.1, defendants [PCHC] Kenneth G. Nadeau, Kristen N. Colley, Susan M. Trundy, and Melinda M. Morisette, hereby respond to Plaintiffs' objection to Magistrate Judge John Nivison's June 20, 2017 Recommended Decision").

They are incorrect. Both 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72(a) and (b) distinguish between non-dispositive and dispositive matters. For dispositive matters, the district judge must perform a de novo review. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made"); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). For non-dispositive matters, a judge evaluates a magistrate judge's

order to determine whether it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).

Here, the Magistrate Judge's June 20, 2017 order is not "dispositive of a party's claim or defense." FED. R. CIV. P. 72(a). The order addresses how the § 233 hearing is to proceed and resolves a discovery issue. But the Magistrate Judge's order does not dispose of any of the Plaintiffs' claims or the Defendants' defenses. Therefore the clearly erroneous and contrary to law standards apply to this Court's review of the Magistrate Judge's order.

Under the "clearly erroneous standard", the district judge "must accept both the trier's findings of fact and conclusions drawn therefrom unless, after scrutinizing the entire record, [the judge forms] a strong unyielding belief that a mistake has been made." *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999) (internal punctuation and citation omitted). Under the "contrary to law standard", the district judge determines the matter as a "pure question of law." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).

### B.   The § 233(a) Immunity Hearing

The parties agree that at least one of the issues before the Court involving PCHC may be decided without an evidentiary hearing. *Pls.' Obj.* at 2-3 ("With respect to the first type of wrongful conduct (PCHC's failure to safeguard the confidentiality of Ms. Kezer's protected health information), Plaintiffs agree that there does not need to be an evidentiary hearing. Whether the failure was a 'medical . . . or related function,' and whether PCHC's employees committed the failure within the scope of

employment, may be decided as a matter of law after the parties are afforded an opportunity to brief the issue"); *Defs.' Opp'n* at 3 ("The Court should accept and adopt the Recommended Decision").

The parties also agree that the Court should hold an evidentiary hearing about whether the employees who accessed Ms. Kezer's records were doing so within the scope of their employment. *Pls.' Obj.* at 3 ("There does need to be a testimonial hearing . . . on the second type (the viewing of Ms. Kezer's protected health information) . . . A hearing is therefore necessary to sort out the extent to which the individual Defendants' viewings . . . were done outside the scope of employment"); *Defs.' Opp'n* at 3 ("The Court should accept and adopt the Recommended Decision").

The sole disagreement is whether the evidentiary hearing should include PCHC's liability, as opposed to the individual defendants' liability. Here, it strikes the Court that the parties' disagreement is more chimerical than real. There are three layers of potential responsibility: (1) that the employees who accessed Ms. Kezer's health information did so outside the scope of their employment at PCHC; (2) that the employees who accessed Ms. Kezer's health information did so within the scope of their employment with PCHC, but unrelated to any "medical . . . or related functions"; and (3) that the employees who accessed Ms. Kezer's health information did so within the scope of their employment with PCHC and related to a "medical . . . or related function[]". The resolution of these issues is a mixed question of fact and law. But the § 233 hearing that the Magistrate Judge's June 20, 2017 order contemplates should allow the Court to answer these questions, either by resolving

9

the facts or by applying the resolved facts to the law. Accordingly, the Court is not convinced that the June 20, 2017 order is either clearly erroneous or contrary to law.

### C.  Discovery

As the First Circuit recently observed, immunity from suit issues "should be decided early in litigation." *Irish v. Maine*, 849 F.3d 521, 523 (1st Cir. 2017) (citing *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014)). Instead of allowing full-blown discovery, which would have delayed the resolution of the immunity issue, the Magistrate Judge issued the following order on July 12, 2017:

(1) On or before September 1, 2017, Defendants shall inform Plaintiffs in writing of the bases for Defendants' contentions (a) that the conduct alleged by Plaintiffs in this action constitutes a claim for damage or personal injury resulting from the performance of medical or related functions, and (b) that each defendant was acting within the scope of said defendant's employment at the time of the alleged conduct;

(2) On or before September 1, 2017, the parties shall identify the witnesses each party expects to call to testify at the hearing. The parties' identification shall include a summary of the factual information about which each witness is expected to testify; and

(3) On or before September 1, 2017, the parties shall identify and exchange the documents the parties intend to introduce as exhibits at the hearing.

*Report of Tel. Conf. and Order* at 1-2 (ECF No. 81).

The Court views the Magistrate Judge's July 12, 2017 order as an admirable compromise between the right of the Plaintiffs to know the issues, the witnesses, and the documents that the Defendants intend to present at the § 233 hearing and the right of the Defendants to an expeditious resolution of the immunity issue. The Court concludes that the Magistrate Judge's order of June 20, 2017, as further elaborated in the July 12, 2017 order, falls well within his acceptable range of discretion, and the Court does not find the order, as further defined, either clearly erroneous or contrary to law.

### IV.   CONCLUSION

The Court OVERRULES the Plaintiffs' Objection to Recommended Decision (ECF No. 78) and AFFIRMS the Magistrate Judge's Order Regarding Hearing in Accordance with 42 U.S.C. § 233(*l*)(2) (ECF No. 77).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of October, 2017