UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EMILY KEZER, et al., | ) |
| Plaintiffs, | ) |
| v. | ) 1:15-cv-00225-JAW |
| PENOBSCOT COMMUNITY HEALTH CENTER, et al., | ) |
| Defendants. | ) |

**ORDER AFFIRMING ORDER OF THE MAGISTRATE JUDGE**

The Court rejects the Plaintiffs' absolutist position that the confidentiality provisions of the Maine Health Security Act apply to proceedings in federal court under 42 U.S.C. § 233(*l*) for determining whether the Defendants were acting within the scope of employment.

**I.     BACKGROUND**

On June 12, 2015, after the Defendants removed this case from Penobscot County Superior Court, the Defendants filed an amended motion to seal "all documents and pleadings filed during the prelitigation screening panel process in this action." *Respondents' Am. Mot. to Seal* at 2 (ECF No. 5).  The Defendants asked that "all documents and pleadings filed in the U.S. District Court for the District of Maine during the prelitigation screening panel process in this action shall be and remain sealed to all but the parties, their counsel of record, the Office of the U.S. Attorney for the District of Maine, the Court, the Clerk, and the Chair and other members of the prelitigation screening panel." *Id*.  On June 18, 2015, the Magistrate Judge

granted the motion to seal and all docket entries in this federal action have been sealed in accordance with that order. *Order* (ECF No. 10).

On October 12, 2017, the Magistrate Judge held an evidentiary hearing in accordance with § 233(*l*)(2) and at the hearing, the Defendants questioned whether the case should remain under seal. *Order Regarding Seal of the Case* at 2 (ECF No. 112) (*Magistrate Judge Order*). The Magistrate Judge considered the arguments of counsel, and on January 10, 2018, the Magistrate Judge issued an order in which he concluded that because the matter before this Court does not directly involve the merits of the professional negligence claim asserted in state court under the Maine Health Security Act and because he had ordered a hearing pursuant to § 233(*l*)(2), "a modification of the order to seal can achieve the purpose of the confidentiality provisions of the Maine Health Security Act in the event the matter is remanded to state court while providing access to the Court's decisions, including the relevant record, on the applicability of 42 U.S.C. § 233." *Id.* at 4 (ECF No. 112). The Magistrate Judge ordered the parties "to identify for the Court the portions of the record they believe should remain sealed based on the Court's reasoning herein." *Id.*

On January 24, 2018, the Kezers objected. *Pls.' Objection to Order Regarding Seal of Case* (ECF No. 120). They contended that the federal case should remain sealed in its entirety to avoid "violating the confidentiality requirement of 24 M.R.S. § 2853(1-A)." *Id.* at 3. The Defendants take the position that the federal case is "separate and distinct" from the state case. *Defs.' Resp. to Pls.' Objection to Order Regarding Seal of Case* at 2 (ECF No. 123). They say section 2857(1) by its terms

applies only to proceedings before the panel and the Maine statute distinguishes between matters before the panel and other proceedings. *Id.* at 1-2 (quoting 24 M.R.S. § 2853(5)).

## II.   STANDARD OF REVIEW

The Magistrate Judge's January 10, 2018 order is not "dispositive of a party's claim or defense." FED. R. CIV. P. 72(a). The order addresses only whether the litigation should be sealed, and the Magistrate Judge's order does not dispose of any of the Plaintiffs' claims or the Defendants' defenses. Therefore, the clearly erroneous and contrary to law standards apply to this Court's review of the Magistrate Judge's order.

Under the "clearly erroneous standard", the district judge "must accept both the trier's findings of fact and conclusions drawn therefrom unless, after scrutinizing the entire record, [the judge forms] a strong unyielding belief that a mistake has been made." *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999) (internal punctuation and citation omitted). Under the "contrary to law standard", the district judge determines the matter as a "pure question of law." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). There is no functional difference between a "pure question of law" and "Rule 72(b)'s de novo standard." *Id.*

## III.   DISCUSSION

### A.   A Fundamental Difference

There is a fundamental difference between the screening process under Maine law, expressly denoted as a mandatory "pre-litigation screening process", section

3

2853(1-A), and this civil litigation in federal court. To initiate an action in the state of Maine against a health care provider, "the prelitigation screening panel enactment requires the filing of a notice of claim, rather than a complaint." JENNIFER BEGEL, MAINE PHYSICIAN PRACTICE GUIDELINES: IMPLICATIONS FOR MEDICAL MALPRACTICE LITIGATION, 47 ME. L. REV. 69, 74 (1995) (citing 24 M.R.S. § 2853(1)). By state law, the notice of claim itself and all documents filed with the court "during the prelitigation screening process" are confidential. 24 M.R.S. § 2853(1-A). Furthermore, under Maine statute, "all proceedings before the panel, including its final determinations, must be treated in every respect as private and confidential by the panel and the parties to the claim." *Id*. § 2857(1). This includes "discovery conducted during the prelitigation screening panel proceedings . . . ." *Id*. § 2857(3). The pre-litigation process is mandatory. *Id*. §§ 2853, 2903(1)(A); *Harlow v. Children's Hosp.*, 432 F.3d 50, 54 (1st Cir. 2005).

B.  **Confidentiality of the Pre-Litigation Screening Process**

Maine adopted the confidential pre-litigation screening process to address an existing crisis in medical malpractice claims. BEGEL, *supra*, at 72-73. Previously, a health care provider could be publicly sued and his or her professional reputation damaged by the lawsuit, even if later dismissed. The statute codified a means by which medical malpractice claims could be confidentially screened with the participation of knowledgeable professionals before a suit was filed. *See Saunders v. Tisher*, 2006 ME 94, ¶ 15, 902 A.2d 830.

4

Nor does the Maine statute by its terms apply to proceedings other than "proceedings before the panel." 24 M.R.S. § 2857(1). Indeed, during the screening panel process, the chair of the panel is empowered to require the parties to litigate dispositive legal issues in state of Maine Superior Court and the statute does not expressly provide that these ancillary proceedings will be confidential. *Id.* § 2853(5) ("The panel chair may require the parties to litigate, by motion, dispositive legal affirmative defenses in the Superior Court prior to submission of the case to the panel.").

Though not as obvious, it is possible that the Maine Legislature enacted the confidentiality provisions of the Maine Health Security Act to protect the injured patient from any opprobrium associated with filing a professional negligence claim against a medical professional. If so, the public disclosure of the lawsuit may run against the policy of the Maine law, but the tangential nature of the issue before the federal court makes the impact on the average plaintiff from disclosure of the mere filing of the lawsuit less compelling.

### C. The Right of Public Access to the Courts

The policies and law underlying the pre-litigation screening panel process, however, are not the same as the policies and law underlying the public right of access to civil matters pending in federal court. *See United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013). To begin, the statute under which this Court is proceeding does not contain any reference to confidentiality. 42 U.S.C. § 233(*l*). Indeed, the pending federal litigation raises the question of whether "Plaintiffs have asserted a claim 'for

damage or person injury . . . resulting from the performance of medical, surgical, dental, or related functions, . . . while acting within the scope of . . . employment,' and the claimant's 'exclusive' remedy is against the United States." *Mem. of Dec. After § 233 Hr'g as to Pls.' Independent Cls. against Def. Penobscot Comm. Health Center* at 1 (ECF No. 111) (quoting 42 U.S.C. § 233(a)). These issues are likely to be resolved without any direct reference to the merits of the pending state action. There is no reason to conclude that the existence of a federal action merely to determine the scope of employment of health care professionals affiliated with federal programs would affect the professional reputations of the involved health care providers so it is difficult to see how the policies underlying the Maine confidentiality provisions apply to this federal litigation.

More importantly, in *Kravetz*, the Court of Appeals for the First Circuit reemphasized the common law right of public right of access to judicial documents in federal court. 706 F.3d at 52-54. The *Kravetz* Court defined "judicial records" as "materials on which a court relies in determining the litigants' substantive rights." *Id.* at 54 (quoting *In re Providence Journal*, 293 F.3d 1, 9-10 (1st Cir. 2002) (quoting *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986))). The First Circuit exempted civil discovery from the presumptive right of public access and described some other narrowly-drawn exceptions. *Id.* at 55-59. When faced with a request to unseal, the First Circuit directed that a court "must carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case." *Id.* at 59. However, as the Magistrate Judge noted, the First Circuit has also

recognized that where the government is a party, as is potentially the case in this lawsuit, "[t]he appropriateness of making court files accessible is accentuated . . . ." *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987).

### D.  Other Considerations

If the pending federal litigation turned on the same issues that are being presented in the pre-litigation screening process, the Plaintiffs would at least have a plausible argument that a public airing of the federal action would negate the confidentiality provisions of Maine law.  But there is no indication that the issues this Court is being asked to decide touch directly on the substance of the Plaintiffs' state claims against the Defendants.

Also, if the parties do not accept the panel recommendation and the Plaintiffs file against the Defendants in state court, there will not be basis for sealing what will be a public lawsuit.  *See Harlow*, 432 F.3d at 53-55 (describing the facts underlying the malpractice claim after the screening panel had issued its decision and litigation ensued).  Thus, Maine statute's confidentiality provisions could be eclipsed by subsequent events the Plaintiffs themselves undertake.

In addition, as the Magistrate Judge observed, he held a testimonial hearing in open court on October 12, 2017.  *Magistrate Judge Order* at 2; *Min. Entry* (ECF No. 94).  Subsequent to his January 10, 2018 sealing order, the Magistrate Judge held another hearing again in open court on May 2, 2018.  *Min. Entry* (ECF No. 138).  The Magistrate Judge did not order the courtroom closed during the hearings and the Court is unaware of any basis for him to have done so.  Whatever argument the

Plaintiffs may have had about the confidentiality of these § 233 filings must bow to the public nature of the proceedings already held in this case.

Finally, federal court decisions interpreting § 233 are consistently publicly reported. *See Hui v. Castaneda*, 559 U.S. 799 (2010); *Santos v. United States*, 559 F.3d 189 (3d Cir. 2009); *Dedrick v. Youngblood*, 200 F.3d 744 (11th Cir. 2000); *Mendez v. Belton*, 739 F.2d 15 (1st Cir. 1984)). The public reporting of decisions under § 233(*l*) is not only consistent with the important principle of open courts; it assists not only the parties to this case, but also other courts and litigants in other cases.

In short, based on *Kravetz* and its predecessor cases, the Court sees no basis for the Plaintiffs' claim that the entire record in this case should be sealed. The Maine statute simply does not attempt to reach into federal court and direct this court to seal its own records.

### E. A Balancing Analysis

This does not mean that in balancing the legitimate confidentiality concerns in state law against the presumptive right of public access, the Magistrate Judge is prohibited from fashioning a ruling that favors public access but reduces the impact on the state panel process. But here, the Plaintiffs took an absolutist position, declaring that because the pre-litigation screening process is confidential under Maine law, the § 233 litigation under federal law in federal court must be similarly confidential. The Magistrate Judge correctly rejected this uncompromising position.

The effect of the Plaintiffs' objection has been to deprive the parties from proposing and the Magistrate Judge from ruling on a middle course. It may be that,

after reviewing the submission of the parties, the Magistrate Judge frames an order that satisfies the Plaintiffs' concerns about confidentiality and also meets the First Circuit's standards for public access to judicial proceedings. At least the Magistrate Judge should be given an opportunity to do so.

## IV.    CONCLUSION

For the reasons set forth in this order and in the Magistrate Judge's order, the Court OVERRULES the Plaintiffs' Objection to Order Regarding Seal of Case (ECF No. 120) and AFFIRMS the Magistrate Judge's Order Regarding Seal of the Case (ECF No. 112). The Court ORDERS the parties to submit to the Magistrate Judge within twenty-one days of the date of this Order or such further time as the Magistrate Judge shall allow proposals for what information, if any, should be redacted from the docket entries in this lawsuit.

The Court SEALS this order until the Magistrate Judge rules on the sealing issue. If the parties wish the Court to maintain the sealing of this order, they must file a motion to seal within two weeks of the Magistrate Judge's decision on the sealing issue. If no motion is timely received, the Court directs the Clerk to unseal this order.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of August, 2018